# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division



F I L E D

FEB - 6 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                       Civil Action No. 3:11CV417

HAROLD CLARKE,

    Respondent.

### MEMORANDUM OPINION

Vincent Eugene Williams, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams challenges the August 21, 2009 decision of the Circuit Court for the County of Stafford ("Circuit Court") to revoke his probation.[1] Williams claims he failed to receive the effective assistance of counsel because counsel failed to file an appeal as Williams requested.[2] Respondent has

---

[1] On that date, the Circuit Court revoked Williams's probation and imposed four years of a previously suspended sentence.

[2] In his Amended § 2254 Petition, Williams claims that "THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EXERCISE A DIRECT APPEAL SUBSEQUENT TO THE STATE COURT'S FINDING OF HIS SUPPOSED GUILT OF AN ALLEGED PROBATION VIOLATION." (Am. § 2254 Petition (Docket No. 15) 9 (as paginated by the Court's CM/ECF docketing system).) Williams does not argue that the Virginia courts refused to process an appeal from revocation of Williams's probation. Rather, Williams argues "counsel's failure to perfect an appeal and timely file one upon Williams' request for an appeal to be pursued" denied Williams his right to appeal. (Id.)

moved to dismiss on the ground that Williams's claim lacks merit. Williams has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

### A. Williams's Conviction And Probation Violations

#### 1. Williams's Initial Conviction And Sentence

On September 24, 1990, Williams, while represented by counsel, pled guilty to robbery in the Circuit Court. Commonwealth v. Williams, (no case number listed[3]) at 1-2 (Va. Cir. Ct. Sept. 24, 1990). The Circuit Court sentenced Williams "to serve a term of fifteen (15) years confinement in the Penitentiary." Id. at 2. The Circuit Court "suspend[ed] the execution of all of the Penitentiary sentence except for the time already served on the condition that the defendant . . . be of good behavior . . . for a period of twenty (20) years from this date." Id. The Circuit Court directed that "[t]he defendant is ordered placed on active supervised probation under the Probation Officer of this Court, and the suspension is further conditioned upon the defendant's compliance with all of

---

[3] The Circuit Court transmitted to the Court the Circuit Court's conviction and sentencing orders that fail to bear a case number as part of the record for Commonwealth v. Williams, No. CR92B-103 (Va. Cir. Ct.).

the terms and the conditions of probation while he is on probation." Id.

### 2. Williams's First Violation Of Probation

On September 1, 1992, the Circuit Court found that Williams violated the terms of his probation. Commonwealth v. Williams, (no case number listed) at 1 (Va. Cir. Ct. Sept. 1, 1992). The Circuit Court revoked and reimposed six years of Williams's previously suspended fifteen-year sentence. Id. The Circuit Court continued "[t]he suspension of the remaining nine (9) years but for time previously served." Id. The Circuit Court ordered that, upon Williams's release from confinement, Williams "be placed on active supervised probation under the Probation Officer of this Court." Id. at 2. The Circuit Court conditioned the continued suspension of the balance of Williams's sentence upon Williams's compliance with the same terms of probation from September 24, 1990 and "with the conditions and terms of the Probation Department." Id.

### 3. Williams's Second Violation Of Probation

After a hearing on April 15, 2005, the Circuit Court again found Williams guilty of violating the terms of his probation. Commonwealth v. Williams, No. CR 92B00103-00, at 1 (Va. Cir. Ct. Apr. 27, 2005). The Circuit Court imposed four years of the remaining nine years outstanding on Williams's sentence. Id.

3

The Circuit Court resuspended the balance of the sentence "on the same terms and conditions of the original suspension." Id.

## B. Circumstances Surrounding Williams's 2009 Revocation Of Probation

On October 24, 2008, the Circuit Court entered an order directing Williams "to show cause, if any he can, why his suspended sentence should not now be revoked." Commonwealth v. Williams, No. CR92C-103, at 2 (Va. Cir. Ct. Oct. 24, 2008). On December 3, 2008, finding Williams "is indigent and without counsel of his choosing," the Circuit Court appointed counsel to represent Williams. Commonwealth v. Williams, No. CR92C00103-00, at 1 (Va. Cir. Ct. Dec. 3, 2008).

On August 21, 2009, the Circuit Court conducted a revocation hearing based upon Williams's failure to report to the District 21 Probation Department upon his release from prison as required by the terms of his suspended sentence.[4] At the revocation hearing, the Commonwealth introduced testimony and documentary evidence reflecting that upon Williams's release from prison, the District 21 Probation Office was designated to

_____

[4] Respondent filed the transcript of this revocation hearing ("Aug. 21, 2009 Tr.") as Docket Number 37 in the present action. The five exhibits introduced by the Commonwealth at the revocation hearing are part of the state court record transmitted to this Court by the Circuit Court. Commonwealth's Exhibits 1-5, Commonwealth v. Williams, No. CR92C00103-00 (Va. Cir. Ct. filed Aug. 21, 2009) ("Commonwealth's Ex.").

supervise Williams's probation.[5]  (See Aug. 21, 2009 Tr. 49-50;

Commonwealth's Ex. 3.)   For example, Williams's "ORDER OF

RELEASE AND CONDITIONS OF MANDATORY RELEASE SUPERVISION"

reflected that Williams must report to Probation and Parole

District 21 in Fredericksburg, Virginia within three days of his

release from prison.  (Commonwealth's Ex. 3, at 1.)   Williams

never reported to the District 21 Probation Office upon his

release from prison.  (Aug. 21, 2009 Tr. 14.)   Phillippa

Bradley, Williams's District 21 probation officer, attempted to

contact Williams at the Fredericksburg and Norfolk addresses she

had for Williams, but she had no success.  (Aug. 21, 2009 Tr.

14-15; Commonwealth's Ex. 5, Major Violation Report 1.)   During

a home visit to Williams's Fredericksburg address, Williams's

father told Ms. Bradley that Williams had taken a bus to

Norfolk.  (Aug. 21, 2009 Tr. 15; Commonwealth Ex. 5, Major

Violation Report 1.)

---

[5] Williams also was on probation for crimes committed in the
City of Norfolk.  The City of Norfolk falls within the bailiwick
of the District 2 Probation Office.  (Aug. 21, 2009 Tr. 49.)
The "Stafford or Fredericksburg area" falls within the domain of
the District 21 Probation Office.  (Aug. 21, 2009 Tr. 49, 52;
Commonwealth's Ex. 3.)   Williams's "release plan" was to reside
with his mother in Fredericksburg, Virginia.  (Commonwealth's
Ex. 3.)   Offender Release Services of the Virginia Department of
Corrections coordinated with both the District 2 and District 21
Probation Offices to arrange for Williams's probation for all of
his sentences to occur in Fredericksburg under the supervision
of the District 21 Probation Office.  (See Aug. 21, 2009 Tr. 49-
50; Commonwealth's Ex. 4, at 1.)

Williams testified that his probation had been transferred to Norfolk. (Aug. 21, 2009 Tr. 36-37.) Williams, however, produced no documentation reflecting such a transfer. Moreover, Ms. Bradley explained the procedure for transferring probation from one jurisdiction to another and testified that Williams never initiated, much less completed the process. (Aug. 21, 2009 Tr. 50-52.) Furthermore, the Circuit Court found that Williams "doesn't have paperwork proving that he reported to probation in Norfolk." (Aug. 21, 2009 Tr. 46.) Ultimately, the Circuit Court found:

> [Williams] is in violation of the terms and conditions of his probation and that he did not report to the probation office here as he was required to do. After his release from prison, he stated he was going to a Norfolk address. And a letter was sent to the address in Norfolk to where he says he was living. And he didn't report to [Ms. Bradley], and I don't believe he reported in Norfolk. Even if he did report in Norfolk, he didn't report here as he was told to do so, and that is a violation of the terms of his probation.

(Aug. 21, 2009 Tr. 60.)

The Circuit Court then asked the parties their positions as to the appropriate disposition for Williams's violation of probation. (Aug. 21, 2009 Tr. 60.) Williams failed to tender any substantial reasons that justified or mitigated his

violation.[6] Instead, Williams made a factually and logically unsupported argument that he had already "served excessive time unlawfully" with respect to his fifteen-year sentence from the Circuit Court. (Aug. 21, 2009 Tr. 63.)[7] Williams, however, acknowledged, "I have [only] served to this date ten years and six months on this sentence." (Aug. 21, 2009 Tr. 67-68.) The Circuit Court ultimately revoked four years of the remaining time on Williams's outstanding sentence. Commonwealth v. Williams, No. CR92C00103-00, at 1 (Va. Cir. Ct. Sept. 2, 2009). Williams did not appeal.

### C. Williams's State Habeas Proceedings

In 2010, Williams filed a state habeas petition with the Circuit Court wherein he raised the same ground for

----

[6] While detained for his most recent probation violation, Williams wrote a letter of "unsavory character" to Ms. Bradley his District 21 probation officer. (Aug. 21, 2009 Tr. 16.) The letter contained a number of sexual innuendos. (Commonwealth's Ex. 1.)

[7] For example, Williams suggested he had over-served the six years revoked and reimposed in 1992 because he "wound up doing six years, eleven months, and eighteen days." (Aug. 21, 2009 Tr. 63.) When asked to substantiate that argument, Williams could not. Williams acknowledged that he spent approximately five years, six months, and eleven days in actual detention with respect to the six years revoked and reimposed in 1992. (Aug. 21, 2009 Tr. 63-64.)

Williams filed a separate § 2254 petition with the Court challenging the execution of his robbery sentence by Virginia Department of Corrections. Writ of Habeas Corpus Petition, Williams v. Clarke, 3:12CV305 (E.D. Va. received Apr. 23, 2012).

habeas relief that he presses in his current § 2254 Petition.
The Circuit Court denied the petition, stating,

> The petition set forth the following claim[]:
>
> His attorney was ineffective for not appealing from the judgment finding that he had violated probation.
>
> The Court finds that the petitioner's claim[] of ineffectiveness relate to his probation revocation hearing and that the petitioner has not demonstrated that his case was complex.
> The Court rules that, since under <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1972), the petitioner was not entitled to counsel at his probation revocation hearing, the petitioner was not denied his Sixth Amendment right to counsel. For the foregoing reasons, the Court believes that the petition for a writ of habeas corpus should be denied and dismissed . . . .

<u>Williams v. Higgs</u>, No. CL10001087-00, at 1-2 (Va. Cir. Ct. Sept. 16, 2010). Williams appealed. The Supreme Court of Virginia refused Williams's petition for appeal. <u>Williams v. Higgs</u>, No. 102126, at 1 (Va. May 17, 2011).

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.

Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### III.  ANALYSIS

In order to prevail on his current claim, Williams must demonstrate that the failure of counsel to pursue an appeal from the revocation of Williams's probation violated Williams's constitutional rights. As explained below, Williams fails to

demonstrate that he had a constitutional right to counsel during his probation revocation proceedings.

The right to counsel, if any, at a probation revocation hearing flows from the Due Process Clause of the Fourteenth Amendment[8] rather than from the Sixth Amendment.[9] See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973) (identifying "fundamental fairness-the touchstone of due process" as the source for the right to counsel in revocation proceedings); United States v. Taylor, 414 F.3d 528, 535-36 (4th Cir. 2005). The Supreme Court noted that "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." Gagnon, 411 U.S. at 790. Generally, counsel should be appointed where the probationer requests counsel

> based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make

---

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[9] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Id.; see Maxwell v. Barnett, No. 89-6027, 1991 WL 22828, at *2 (4th Cir. Feb. 26, 1991) (explaining that Gagnon requires appointment of counsel only where the alleged violations are contested or "where the reasons that justify or mitigate the violation are complex or otherwise difficult to develop and present" (citing Gagnon, 411 U.S. at 790)). In doubtful cases, courts may also weigh the inability of the accused to speak effectively on his own behalf. Gagnon, 411 U.S. at 790-91. Nevertheless, the "participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." Id. at 790.

Appointed counsel represented Williams at his probation revocation hearing, but did so pursuant to sections 19.2-157[10]

---

[10] This statute provides:

[W]henever a person charged with a criminal offense the penalty for which may be . . . confinement in the state correctional facility or jail, including charges for revocation of suspension of imposition or execution of sentence or probation, appears before any court without being represented by counsel, the court shall inform him of his right to counsel. The accused shall be allowed a reasonable opportunity to employ counsel or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

Va. Code Ann. § 19.2-157 (West 2012).

11

and 19.2-159(C)[11] of the Virginia Code, which authorize appointment of counsel for an indigent defendant anytime he or she faces a sentence of imprisonment. The appointment itself did not involve application of a Gagnon review. This sort of appointment of counsel which has its provenance in state statutes fails to create a constitutional right to counsel or the concomitant constitutional right to the effective assistance of counsel. See Lerch v. Hinkle, No. 3:08CV305, 2009 WL 603425, at *1 n.1 (E.D. Va. Mar. 9, 2009) (citing United States v. Lester, No. 95-5765, 1996 WL 28970, at *3 (6th Cir. Jan. 24, 1996); United States v. Allgood, 48 F. Supp. 2d 554, 559-60 (E.D. Va. 1999); United States v. Drew, 2 F. Supp. 2d 781, 783 & n.2 (E.D. Va. 1998); see also id. at *3 (citing the above cases and W. Lafave, J. Israel, N. King & O. Kerr, Criminal Procedure § 11.7(a) (4th ed. 2009)). Thus, despite the presence of

---

[11] As pertinent here, this statute provides:

The court shall also require the accused to complete a written financial statement to support the claim of indigency and to permit the court to determine whether or not the accused is indigent within the contemplation of law. The accused shall execute the said statements under oath, and the said court shall appoint competent counsel to represent the accused in the proceeding against him, including an appeal, if any, until relieved or replaced by other counsel.

Va. Code Ann. 19.2-159(C) (West 2012).

appointed counsel, "this Court must conduct a <u>Gagnon</u> analysis to discern whether [Williams] had a constitutional <u>right</u> to counsel in this probation revocation hearing." <u>Id.</u> at *3 (citing <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982); <u>Talbott v. Johnson</u>, No. 7:06-CV-00510, 2006 WL 3761623, *2-3 (W.D. Va. Dec. 21, 2006)).[12]

Williams fails to demonstrate the Supreme Court of Virginia's conclusion that he lacked a constitutional right to counsel at his revocation hearing is incorrect, much less unreasonable. <u>See</u> 28 U.S.C. § 2254(d). Williams failed to present a colorable claim that he did not commit the charged violation of failing to report to the District 21 Probation Office. <u>See</u> <u>Gagnon</u>, 411 U.S. at 790. Moreover, Williams did not present any substantial reason which justified or mitigated his failure to report to the District 21 Probation Office. <u>See</u> <u>id.</u> Because Williams had no constitutional right to counsel at the revocation hearing, he had no constitutional right to have

_____

[12] Williams suggests that he has "a Constitutional right [to] counsel . . . at a state probation revocation hearing concerning the activation of a suspended sentence." (Mem. Supp. Pet'r's Mot. Dismiss (Docket No. 22) at 9-10 (citing cases including <u>Alabama v. Shelton</u>, 535 U.S. 654 (2002)). Because <u>Shelton</u> involved an instance where the state failed to provide counsel at the defendant's initial conviction and sentencing, <u>Shelton</u> fails to control the outcome here. <u>See</u> <u>Shelton</u>, 535 U.S. at 664 (distinguishing <u>Gagnon</u>).

counsel file an appeal from that hearing. See Drew, 2 F. Supp. 2d at 783 (citing Wainwright, 455 U.S. at 587-88); see also Allgood, 48 F. Supp. 2d at 560 (citing Drew, 2 F. Supp. 2d at 783).

## IV.  CONCLUSION

Respondent's Second Motion to Dismiss (ECF No. 28) will be granted.  Williams's Motion to Dismiss the Second Motion to Dismiss (ECF No. 33) will be denied.  Williams's claim will be dismissed and the petition for a writ of habeas corpus will be denied.  The action will be dismissed.  Williams's "MOTION FOR DEMAND FOR JUDGMENT" (ECFECF No. 24) will be denied as moot.

Because the Respondent has provided Williams with a copy of the August 21, 2009 Transcript from the Circuit Court, Williams's motion seeking the same (ECF No. 35) will be denied as moot.  His current motion requesting that the transcript be filed in Williams v. Clarke, 3:12CV305 (E.D. Va.) (ECF No. 36) will be denied.  The Court will address Williams's request to file a copy of this transcript in Williams v. Clarke, 3:12CV305 (E.D. Va.), in that proceeding.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue

14

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel of record.

/s/ *R E P*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2013